UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:19-CV-45-BO

| | |
|---|---|
| TERRY C. BRADLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| THE COMMONWEALTH OF VIRGINIA, VIRGINIA TECH COLLEGE, VIRGINIA TECH POLICE DEPARTMENT, and UNKNOWN DEFENDANTS, | ) ) ) ) ) ) |
| Defendants. | ) |

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge Robert B. Jones, Jr. [DE 2]. For the following reasons, the Court adopts the memorandum and recommendation and transfers the action to the Western District of Virginia.

## BACKGROUND

Plaintiff asserts a federal claim under 42 U.S.C. § 1983 for violation of due process and state law claims for false arrest, malicious prosecution, and illegal imprisonment against the Commonwealth of Virginia, Virginia Tech College, the Virginia Tech Police Department, and any unknown defendants. [DE 1-1, p. 2-3]. Plaintiff alleges the Commonwealth Attorney's Office fabricated a felony judicial proceeding against her, with no supporting documentation that hearings took place, in the Montgomery County Circuit Court in Virginia. Plaintiff asserts that defendants cannot show a valid arrest nor a valid plea agreement exists in connection with the conviction. Further, plaintiff alleges she had no knowledge of the purported felony proceeding

until 2018, when it was revealed through a background check performed as part of an employment application. *Id.* at 4; [DE 1-2]. Plaintiff resides in Fayetteville, North Carolina, and the Virginia Tech defendants are located in Montgomery County, Virginia, where the events at issue are alleged to have taken place. [DE 1-1, 1-2]. In February 2019, Magistrate Judge Jones entered the instant memorandum and recommendation (M&R) recommending that plaintiff's case be transferred to the Western District of Virginia. [DE 2]. Plaintiff filed a response stating she had no objection to the transfer of the case. [DE 3].

## DISCUSSION

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

As plaintiff has no objection to the M&R, the Court reviews it for clear error and finds none. Plaintiff's complaint alleges no facts which support venue is proper in this district, and venue is proper in the Western District of Virginia. 28 U.S.C. § 1319(b), 1406(a). It would be in the interests of justice to transfer the action. There is no clear error on the face of the magistrate judge's recommendation and it is adopted.

## CONCLUSION

For the above reasons, the memorandum and recommendation of Magistrate Judge Jones [DE 2] is ADOPTED. The Clerk is DIRECTED to transfer this action to the United States District Court for the Western District of Virginia.

SO ORDERED, this *21* day of March, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE